MAY, J.
The defendant appeals his conviction and sentence for first degree murder. He argues the trial court erred in: (1) denying his motion for judgment of acquittal; (2) refusing to instruct the jury on self-defense; (3) refusing to instruct the jury on circumstantial evidence; and (4) allowing the victim’s daughter to remain in the courtroom after the rule of sequestration was invoked. We find no merit in any of the issues raised and affirm, but write to address the rule of sequestration argument.
Testimony revealed the defendant and victim lived together with her two small children. While incarcerated for another crime, the defendant told an inmate that if the victim did not help him regain possession of his property and get out of jail, he was going to kill her with “one of those big kitchen knives.” He described his plans in more elaborate detail.
On the night of the murder, a witness walking down the street heard someone scream from the house occupied by the defendant and the victim. He followed the screams to the house where he heard the victim say: “[SJtop, Larry, stop. Stop. I’m sorry, I’m sorry, stop.” He looked through the window and saw them “tussling” before the defendant hit the victim.
A neighbor called the police the next day. When the officers arrived, no one answered the door. The officers looked through a window, saw blood, and called for backup. The doors were locked and secured; there was no sign of forced entry. The deputies followed the blood trail to the master bedroom where they found the deceased victim in a bed. Her throat was cut and she was stabbed multiple times. The State charged the defendant with first degree murder.
Prior to opening statements, defense counsel invoked the rule of sequestration. The State then asked whether defense counsel was referencing the victim’s daughter. The trial court responded: “Article 1, Section 16(b) of the [Florida Constitution] allows her to be in here even though she’s on the witness list. She is also a representative. So she can stay. I can’t exclude her.”
After initially agreeing with the court, defense counsel then argued that the victim’s daughter should be excluded because the victim’s parental rights were terminated. The court stated it was unaware if or why parental rights were terminated, but the victim was still her biological mother and the Constitution gave her the right to be present.
*86 The State mentioned in its opening statement that the jury would hear the victim’s daughter say she called her mom’s cell phone. When the defendant answered, she asked him why he killed her mother. He told her he did not know. Ultimately, the victim’s daughter did not testify for the State, but did testify as a defense witness.
The defendant moved for a judgment of acquittal both after the State presented its case and after the defense case. The trial court denied both motions.
The defendant requested jury instructions on self-defense and circumstantial evidence, which the court denied. The court however agreed to give a justifiable homicide instruction.
The jury found the defendant guilty of first degree murder. The court sentenced the defendant to life imprisonment. From his judgment and conviction, the defendant now appeals.
As his last issue, the defendant argues the trial court erred in not excluding the victim’s daughter from the courtroom once the sequestration rule was invoked. He suggests the daughter did not qualify as next of kin because the mother’s parental rights had been terminated. The State responds that the defense waived the issue by referring to the girl as the victim’s daughter. More significantly, the State argues the defense was not prejudiced by her presence because the State did not call her as a witness. In fact, the defense called her as a witness.
We review a trial court’s decision to allow a witness to be excluded from the rule of sequestration for an abuse of discretion. Gore v. State, 599 So.2d 978, 986 (Fla. 1992).
At a party’s request, the court must order witnesses excluded from the courtroom to prevent them from hearing the testimony of other witnesses. § 90.616(1), Fla. Stat. (2014). Witness sequestration is designed to ensure fairness at trial by avoiding “the coloring of a witness’s testimony by that which he has heard from other witnesses who have preceded him on the stand.” Gore, 599 So.2d at 986 (quoting Spencer v. State, 133 So.2d 729, 731 (Fla. 1961)).
However, this right is not absolute and is subject to the trial court’s sound discretion. Gore, 599 So.2d at 986. “Of course, should the witness’ presence cause some prejudice to the accused, the witness should not be allowed to remain in the courtroom.” Id. In criminal cases, a witness that is the victim, the victim’s next of kin, or a lawful representative of such person may not be excluded unless the court determines such person’s presence to be prejudicial. § 90.616(2)(d).
Here, the trial court ruled that the victim’s daughter was allowed to stay in the courtroom under the Florida Constitution. Defense counsel argued that the victim’s parental rights had been terminated, rendering the exception to the sequestration rule inapplicable. There was no actual proof that the mother’s rights had been terminated. Nevertheless, the court acknowledged that the victim was still her biological mother and the Constitution gave her the right to be present. The trial court ruled in accordance with section 90.616(2)(d).
More importantly, the defendant failed to show how the victim’s daughter prejudiced his defense. She was not a material witness for the State, nor did the State call her in its case-in-chief. The State’s only point regarding the victim’s daughter was her phone call to the defendant, which the defense effectively rebutted at trial. Other evidence linked the defendant to the vie- *87 tim’s death, including the defendant’s statements to other witnesses.
The defendant next asserts that the trial court erred by failing to hold a hearing on this matter. “Where the rule has been invoked, a hearing should be conducted to determine whether a witness’ exclusion from the rule will result in prejudice to the accused.” Gore, 599 So.2d at 986. Just as in Gore, the court did not hold a formal hearing, but did allow defense counsel to argue the point before deciding to allow the witness to remain. Id. This was sufficient.
Under the facts and circumstances of this case, the defense cannot establish the trial court abused its discretion in permitting the victim’s daughter to remain in the courtroom. We affirm.

Affirmed.

Ciklin, C.J., and Kuntz, J., concur.